AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DAMIEN GALLOWAY | ) | Case No.   16-mj-1138-DLC |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 16, 2016__ in the county of __Suffolk__ in the _____ District of __Massachusetts__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §922(g)(1) | Felon in Possession of Firearm and Ammunition |

This criminal complaint is based on these facts:

See Affidavit of Special Agent Lisa Rudnicki attached.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Lisa Rudnicki, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/16/2016

_____
*Judge's signature*

City and state: Boston, Massachus

Donald L. Cabell, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Lisa Rudnicki, having been duly sworn, on oath depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and have been so employed since February, 1996. In that capacity, I investigate violations of the federal firearms statutes and have participated in many investigations relating to the unlawful possession of firearms and ammunition.

2. Based on my training and experience, I am aware that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate commerce. Having so stated, I make this affidavit in support of a criminal complaint charging **DAMIEN GALLOWAY** with being a felon in possession of a firearm and ammunition in violation of that statute.

3. The statements contained in this affidavit are based on my own investigation, work done by other ATF Agents, and on information provided to me by members of the Boston Police Department ("BPD"). This affidavit is submitted for the limited purpose of establishing probable cause to believe **GALLOWAY** violated 18 U.S.C. §922(g)(1), and therefore does not set forth

all of the information that I and other law enforcement personnel have obtained during the course of this investigation.

4.   In the early evening on September 16, 2016, members of BPD's District C-11 Drug Control Unit ("DCU") were on surveillance at the McDonald's Restaurant located at 515 Gallivan Blvd. in Dorchester.  This is an area where drug delivery businesses frequently operate because of the high level of activity and is an area where the DCU had previously made drug-related arrests.

5. DCU officers observed a gray Chrysler Pacifica bearing MA. Reg. 2GH116 pull into the parking lot and back into a space near the entrance.  Officers observed the passenger (later identified as BESMIR SUBASHI) go into the restaurant and saw him enter the area of the men's bathroom.  A short time later, the driver of the Pacifica (later identified as DANIEL DONOVAN) also went into the restaurant.

6. SUBASHI and DONOVAN soon came back out of the restaurant.  Neither had any food or drinks in their hands (although DONOVAN was holding a few tan napkins).  The two men re-entered the Pacifica, exited the parking lot on the Granite Avenue side and then took a right turn onto Gallivan Blvd.

7.   Based on their training and experience, the members of the DCU were aware that drug dealers frequently will order their customers to relocate to different locations in order to avoid

detection. The Pacifica was therefore followed as it abruptly drove into the parking lot at 757 Gallivan Blvd, a small nearby shopping center where there is a Staples, a Walgreens and several other stores. This is also an area familiar to the DCU.

8. Officers from the DCU kept the Pacifica under surveillance as it parked near the Staples store. As they were doing so, the officers watched a gray Nissan Maxima bearing MA Reg. 6RCM10 pull into the lot and park next to a gray Honda Accord bearing MA. Reg. 2KV252 that was already there. These two cars were parked approximately 10 spaces away from the Pacifica.

9. SUBASHI (the passenger of the Pacifica) then walked over to the Honda and got in the rear left (driver's side) passenger seat. As he did so, the passenger of the Nissan (later identified as TYLER JONES) also got out of his car and got in the rear right (passenger side) seat of the Honda. Officers observed movement in the rear of the Honda and saw JONES and then SUBASHI get out of the Honda after only a minute or two. Based on these observations, the officers concluded that they had just witnessed a likely drug deal and decided to conduct a threshold inquiry of the occupants of all three cars.

10. Officers Lopez and Beliveau then approached the Honda and the Nissan which, as set forth above, were parked next to each other in the Staples parking lot. Although the officers

were in plainclothes, each was also displaying his badge and identified himself as a police officer.

12. Office Beliveau ordered the driver of the Honda (later identified as UNIQUE LONG) and the driver of the Nissan (later identified as JACLYN FOLK) to turn off their respective cars. As he did so, Officer Beliveau saw TYLER JONES stuffing something in his pocket and ordered him to stop.

13. As Beliveau was interacting with JONES, the passenger of the Honda (**DAMIEN GALLOWAY**) suddenly came out of the car and pushed Officer Beliveau out of the way in an effort to flee.

14. Beliveau was able to grab **GALLOWAY**'s shirt and began to struggle with **GALLOWAY** in order to keep him from escaping. Officer Lopez came over to assist and, after a further struggle, was able to help Beliveau bring **GALLOWAY** to the ground and place him in handcuffs even though **GALLOWAY** refused to give the officers his hands from under his body by his pants.1  During the struggle, **GALLOWAY** was also seen to drop a plastic bag containing blue objects (later identified as 50 oxycodone pills). Amounts of cash (later determined to be $440) also fell to the ground just outside the front passenger door of the Honda as **GALLOWAY** hurriedly came out of the car. **GALLOWAY** was also

---

1 While in the booking area after his arrest, **GALLOWAY** told Officer Beliveau that he had not been trying to shoot him but was merely trying to get away.

determined to have an additional $565 in his right rear pocket and an Apple I-phone.[2]

15. Once **GALLOWAY** was secured and cuffed, Officer Beliveau pat frisked him and immediately felt (and then saw) what he recognized to be a firearm in **GALLOWAY's** right front pants pocket. The gun was then removed by Sgt. Det. Waggett.

16. The firearm recovered from **GALLOWAY's** pants pocket was a black Ruger Model LC380 .380 caliber semi-automatic pistol ("the charged firearm") that bore serial number 325-38295 and contained 6 rounds of .380 caliber ammunition.[3] It was also determined that the charged firearm had previously been reported stolen out of Florida.

17. After the charged firearm and the 6 rounds of ammunition recovered from it had been processed and placed into evidence, the charged firearm successfully test fired, and the rounds it contained certified to be ammunition by BPD's Ballistics Unit, the charged firearm and ammunition was examined by ATF S/A Mattheu Kelsch, who is trained to perform interstate

---

[2] Officers also spoke to and performed various searches of the other individuals present. After a chase, BESMIR SUBASHI was stopped and determined to be in possession of 4 strips of suboxone that he stated "they" gave to him. TYLER JONES (the passenger in the Nissan) was discovered to have what was identified as 15 oxycodone pills in the pocket of his shorts. Additional oxycodone pills, marijuana, and a digital scale were recovered from the center console and rear of the Honda, whose driver (Unique Long) was found to be in possession of $345. Still more marijuana was recovered from a backpack in the rear of JACLYN FOLK's Nissan as well as $100 found in its center console. The driver of the Pacifica (DANIEL DONOVAN) stated that he had driven his friend BESMIR SUBASHI to the McDonalds to buy drugs and that they were then redirected to the Staples lot. DONOVAN (from whom nothing was recovered) also stated that he had nothing to do with the drug transaction and, after his identification was confirmed, was released. All of the seized drugs are currently at the State Police Crime Lab awaiting testing.

[3] 5 of the rounds were in the charged firearm's magazine and 1 was in the chamber.

commerce nexus examinations. S/A Kelsch examined the charged firearm and the 6 rounds of ammunition it contained when seized, determined they were a "firearm" and "ammunition" for purposes of federal law, and determined that both the charged firearm and all of the ammunition it contained when seized from **GALLOWAY** had been manufactured outside Massachusetts, meaning that they had traveled across state lines or international boundaries prior to being seized in Boston on September 16, 2016.

18. I have reviewed **GALLOWAY'S** criminal record as maintained by the Massachusetts Criminal History Systems Board. It reveals, among other things, that **GALLOWAY** was convicted in 2010 in the United States District Court for the District of Massachusetts of Possessing Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a). Based on my training and experience, I know that this crime is punishable under Federal law by imprisonment for more than one year.

19. Based on the foregoing, I submit that there is probable cause to believe that, on or about September 16, 2016, **DAMIEN GALLOWAY,** having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did possess, in and affecting commerce, a firearm and ammunition in

violation of Title 18, United States Code, Section 922 (g)(1).

_____
LISA RUDNICKI
Special Agent, ATF

Sworn and subscribed to before me this 16th day of November, 2016.

_____
DONALD L. CABELL
U.S. MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS